UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRYAN A. WARMAN,<br><br>                    Plaintiff,<br><br>          -against-<br><br> ALPHABET INC.; GOOGLE LLC; DEEPMIND TECH LIMITED,<br><br>                    Defendants. | 26-CV-1197 (LLS)<br><br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants violated his rights. By order dated April 10, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se*

pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires

a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff brings this action against Alphabet Inc., Google LLC, and Deepmind Tech

Limited. The following allegations are drawn from the complaint.[1] Plaintiff maintains that

Defendants "operated as a continuous enterprise engaged in the business of AI development and

data indexing." (ECF 1, at 5.) He alleges,

> Defendants initiated a protocol of strategic deception designed to ignore the
> plaintiff's legal power of attorney, this protocol utilized linguistic fittery and
> interface slodge to ensure that the curators legal notice were shadow – de indexed
> and rendered invisible to the public. . . . Plaintiff Bryan Warman is the duly
> appointed curator with power of attorney (POA), both physical and digital, over
> the principal estate. The estate includes OT-Data proprietary metadata, and
> controllable electronic records (CERs) as defined under NY UCC Articles 12. The
> Estate also includes physical assets specifically the premises located at 15 W 48th
> st, New York 10039 Residential. . . . Coversion of controllable electronic records
> (CERs) Defendants through their AI models (Gemini and Veo) integrated the
> plaintiffs proprietary OT-Data into their trainings weights without a license or
> fiduciary consent. This integration constitutes a conversion of [illegible] under
> NY UCC § 12-104 as defendants have exercised unauthorized control over the
> digital property. On (Date) plaintiff issued a formal demand for the return of these
> records and provision of a kill switch to remove the [illegible] defendants refused.
> The physical hub and tress pass. Defendants have utilized the 46th st premises as a
> physical hub for the services and infrastructure monitoring the interface stodge.
> This use of property was unauthorized and constitutes a continuing tresspass on
> the real property of the estate. The fair marker of this unauthorized use is
> calculated at $65,000,000.

(*Id.* at 5-6.)

Plaintiff describes his injuries as "the unauthorized extraction of glucose sub vocal

metadata, this is a physical conversion of the principal metabolic energy and neural impulses into

---

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard
capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are
as in the original unless noted otherwise.

proprietary corporate equity. Theft of digital personhood the defendants utilized the principal internal cognitive pattern to train predictive intent model (Gemini/Veo) effectively creating a non-consensual digital twin." (*Id.* at 6.)

Plaintiff seeks $500,000,000.

## DISCUSSION

### A.    Plaintiff's claims are frivolous

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact."); *Livingston*, 141 F.3d at 437("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Plaintiff's complaint is premised upon his belief that Defendants used Plaintiff's "OT-Data proprietary metadata" without his permission to convert "metabolic energy and neural impulses into proprietary corporate equity," and to create a "non consensual digital twin" of Plaintiff. (ECF 1, at 6.) A "[p]laintiff's beliefs—however strongly he may hold them—are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18

(S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for his assertions that he has developed proprietary "metadata" which the defendant technology companies have appropriated for their own gain. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414 (KPF), 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing basis for information and belief); *Johnson v. Univ. of Rochester Med. Ctr.*, 686 F. Supp. 2d 259, 266 (W.D.N.Y. 2010) (even where necessary evidence is in "exclusive control of the defendant, . . . plaintiff must still set forth the factual basis for that belief").

The Court finds that Plaintiff does not provide any plausible factual support for his claims and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff's allegations amount to conclusory claims and suspicions that are not plausible and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, No. 17-CV-2652, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible"). The Court therefore dismisses the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**B.    Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint does not suggest that he is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:    April 30, 2026
          New York, New York

                                            *Louis L. Stanton*
                                            Louis L. Stanton
                                            U.S.D.J.

5